U.S. Court of Appeals Docket No. 23-10291
NLRB Case No. 372 NLRB No. 12 (2022)

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

NATIONAL LABOR RELATIONS BOARD

Petitioner

v.

ARRMAZ PRODUCTS INC.

Respondent

On Application for Enforcement and Cross-Petitioner for Review
of an Order of The National Labor Relations Board

NLRB Case 12–CA–294086
December 6, 2022

## UNION INTERVENOR'S MOTION FOR LEAVE AND EXTENSION TO FILE BRIEF IN REPLY/RESPONSE TO "REPLY BRIEF OF RESPONDENT AND CROSS-PETITIONER ARRMAZ PRODUCTS INC." AND CERTIFICATE OF INTERESTED PERSONS

Randall Vehar, Esq. (Ohio Bar No. 0008177)
UFCW Assistant General Counsel/
  Counsel for ICWUC/UFCW
1655 W. Market Street
Akron, Ohio 44313
330/926-1444
330/926-0950 FAX
rvehar@ufcw.org

*Attorney for Intervenor Union*

| | | |
|---|---|---|
| National Labor Relations Board | ) | Case No.: 23-10291-JJ |
| | ) | |
| Petitioner/Cross-Respondent | ) | Board Case No. 12-CA-294086 |
| | ) | |
| v. | ) | |
| | ) | |
| ArrMaz Products Inc. | ) | |
| | ) | |
| Respondent/Cross-Petitioner | ) | |

**INTERVENOR UNION'S CERTIFICATE OF INTERESTED PERSONS**

Pursuant to 11ᵗʰ Circuit Rule 26.1-2(b), Intervenor, International Chemical Workers Union Council (Intervenor, or Union), certifies that it believes the Certificate of Interested Persons and Corporate Disclosure Statement in the Brief of Respondent and Cross-Petitioner *Arrmaz Products Inc.* is complete, except as follows:

Respondent and Cross-Petitioner *Arrmaz Products Inc*. failed to include *AMP Trucking, Inc*., apparently a subsidiary, or affiliated, of *Arrmaz Products Inc*.

**UNION INTERVENOR'S MOTION FOR LEAVE AND EXTENSION TO FILE BRIEF IN REPLY/RESPONSE TO "REPLY BRIEF OF RESPONDENT AND CROSS-PETITIONER ARRMAZ PRODUCTS INC."**

Now comes the Intervenor, the International Chemical Workers Union Council (Union, or Intervenor)[1/] – the party that initiated the administrative proceedings below by filing an unfair labor practice charge against the Respondent ArrMaz Products Inc. (***ArrMaz***) – by and through the undersigned, and hereby moves and respectfully requests that it be permitted to file a reply brief within 14 days from any order granting it leave to file such a brief, such brief to be in response and in opposition to the "Reply Brief of Respondent and Cross-Petitioner ArrMaz Products Inc.," which was eFiled on August 11, 2023, per this Court's extension, for the reasons set forth below.

This matter involves an application by the National Labor Relations Board (NLRB, or Board) to enforce its remedial Order regarding its finding that Respondent ***ArrMaz*** violated the National Labor Relations Act (Act) by committing an unfair labor practice. The Board's administrative proceedings originally were initiated below by the Intervenor Union, when it filed an unfair labor practice charge (Charge) with the NLRB against Respondent ***ArrMaz***. However, in addition to the

_____

[1/]Previously, this Court granted the Union's request to intervene in this matter and set a date for the Union's Opening Brief.

Board's enforcement proceedings, this matter also involves *ArrMaz*'s cross-application for review.

By rule, *ArrMaz* filed the opening brief in this matter on April 21, 2023. FRAP, Rule 15.1. By this Court's April 4, 2023, and May 16, 2023, orders, the Union then timely filed its response to *ArrMaz*'s opening brief on May 25, 2023; the NLRB, per an extension, filed its response to *ArrMaz*'s opening brief on June 21, 2023; and *ArrMaz*, per this Court's July 3, 2023, extension, filed a reply to the response briefs on August 11, 2023. By rule, the Board may file a reply brief directed to *ArrMaz*'s cross-petition/appeal within 21 days after *ArrMaz*'s most recent brief, *i.e.*, by September 1, 2023. FRAP, Rule 28.1(c)(4) and (f)(4).[2] While the rules permit the NLRB, as Petitioner/Appellee, to file a reply to *ArrMaz*'s cross-petition/appeal response brief, they are silent on the Union's right as Intervenor, if any, to file such a reply.

The Union submits that *ArrMaz* has raised matters in its recent response brief, that it did not previously fully, or clearly, raise, or which are not based on evidence

---

[2]The Union understands that, as of now, the NLRB does not intend to file another brief. The Union notes that, curiously, *ArrMaz* does not even attempt to distinguish a case relied on by the Board, *Longmont United Hospital v. National Labor Relations Board*, 70 F.4th 573, 578 (D.C,Cir. 2023) (Doc. 33, p. 45) for the proposition that – as here – by severing the NLRB General Counsel's identical request for the new, proposed "make-whole" remedy, does not preclude this Court's jurisdiction. (Doc. 36, p. 16n.6).

in the Record below, or are misleading.[3]  Consequently, the Union requests that it

be granted an opportunity to file a brief responding, or replying, to *ArrMaz*'s August

11, 2023, cross-petition/appeal response brief.

---

[3]For instance, without citation to evidence in the Record below, *ArrMaz* now repeatedly argues that the Stipulation of Election Agreement (SEA) was drafted solely by a Board employee, apparently suggesting that *ArrMaz,* played little, or no, role in the drafting the SEA, which it signed (Doc. 36 , pp. 9, 10, 19, 22). It attempts to explain–without evidence  – the reason, *i.e.,* its speculation, why *only ArrMaz*'s name was used throughout the SEA without any reference to *AMP. ArrMaz* then argues – again without evidence to contradict the Union's testimony ((R.82,89-90)(Doc. 31, pp. 15-16n.3) -- that it (apparently, silently), nevertheless, "intended" to include the two employees of the (unnamed) *AMP Trucking* in the stipulated unit (Doc. 36, pp. 19 and 27).

While *ArrMaz* previously acknowledged that "The parties are free to agree to whatever bargaining unit they want… [and that this] case requires contract interpretation, not unit-making" Doc, 24-1, p. 39), *ArrMaz* now argues that the "single-employer" doctrine required the Board to interpret the SEA to include the *AMP Trucking* employees in the unit, relying– again without evidence – on its assertion that *it* knew that "AMP Trucking was its wholly-owned subsidiary…[and] that it had no basis to believe that" the Board would treat *AMP* and *ArrMaz* as separate entities (Doc. 36, p.27). Recognizing, apparently, that what *it* (secretly may have) known about its corporate structure should not be dispositive, as to what the parties mutually intended when they entered into the contractual SEA, *ArrMaz* now relies solely on speculation, as to what *the Union* may have known about these complicated corporate relationships (Doc. 36, p. 3) *at the time that the Union entered into* the contractual SEA, *ArrMaz* speculates without evidence that the Union *knew, when it entered into the SEA,* that *AMP Trucking* was part of a single employer with *ArrMaz* (based on evidence that was not even adduced until weeks "later," when the Union then *may* have learned of this relationship during the representation hearing). (Doc. 36, pp. 19).

Further, *ArrMaz* now extensively discusses the merits and possible effects of the Board's decision – in a separate proceeding that is not now even before this Court

Footnotes continued on next page.

Wherefore, the Union requests that it be permitted to file a brief responding to ArrMaz's August 11, 2023, brief, said brief to be due 14 days after any Order granting said request.

Dated: August 23, 2023.

Respectfully submitted,

s/A. Randall Vehar
A. Randall Vehar, (OH Bar 0008177)
(EDS/Bar #000017927)
UFCW Assistant General Counsel/
Counsel for ICWUC
ICWUC/UFCW Legal Dept., 6th Floor
1655 W. Market Street
Akron, OH 44313
330/926-1444 Ext. 115
330/926-0950 Fax
330/327-9002 Cell
rvehar@ufcw.org
rvehar@icwuc.org (alt. email)

**Counsel for International Chemical Workers Union Council of the United Food & Commercial Workers**

---

– if the NLRB should adopt the severed retrospective remedy previously considered in *Ex-Cell-O Corp*., 185 NLRB 107 (1970). But there is no guarantee that the Board will overrule the *Ex-Cell-O* case, or, if it does, even apply it retroactively to *ArrMaz*. However, the Union ought to have some right to respond to *ArrMaz*'s speculations as to what the Union would do in bargaining if the NLRB General Counsel's new proposed remedy is adopted and applied retroactively to *ArrMaz*! (Doc. 36, pp. 14-18 and 15).

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of August, 2023, I electronically filed

the foregoing with the Clerk of Court using the CM/ECF system, which will serve

the counsel of record.

Further, I certify that the foregoing was served via email to:

Ruth E. Burdick,
Deputy Associate General Counsel
National Labor Relations Board
1015 Half Street, SE, Ste 4159
Washington, D.C. 20570-0001
appellatecourt@nlrb.gov

Usha Dheenan,
National Labor Relations Board
1015 Half Street, SE, Ste 4159
Washington, D.C. 20570-0001
Usha.dheenan@nlrb.gov

Susan Kania,
National Labor Relations Board
1015 Half Street, SE, Ste 4159
Washington, D.C. 20570-0001
susan.kania@nlrb.gov

*Counsel for the General Counsel*

and

Bernard J. Bobber
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Pabst Boiler House
1243 North 10th Street, Suite 210
Milwaukee, WI 53205-2559
bernard.bobber@ogletree.com

Brian E. Hayes
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
1909 K Street, N.W., Suite 1000
Washington, DC 20006
brian.hayes@ogletree.com

Jesse R. Dill
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Pabst Boiler House
1243 N. 10th Street, Suite 200
Milwaukee, WI 53205-2559
Jesse.dill@ogletree.com

David M. DeMaio
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
9130 South Dadeland Blvd., Suite 1625
Miami, FL 33156
David.demaio@ogletree.com

*Counsel for Respondent, ArrMaz Products, Inc.*

/s/*Randall Vehar*
Randall Vehar, Esq. (OH Bar #0008177)
UFCW Assistant General Counsel/
Counsel for ICWUC